# IN THE UNITED STATES DISTRICT COURT FOR
## THE MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

H. RENEE JAMES,                           )
                                          )
                   Plaintiff,             )
                                          )
         v.                               )     **CASE NO. 2:17-cv-528-MHT-DAB**
                                          )
CITY OF MONTGOMERY, et al.,               )
                                          )
                   Defendants.            )

## REPORT and RECOMMENDATION

This matter comes before the Court on the motion of individual defendant Rudy Martinez to

dismiss (Doc. 55). The matter has been fully briefed and the Court heard oral argument on October 24,

2017. For the reasons stated below, it is recommended that the motion (Doc. 55) be **DENIED.**

This case involves claims by an African-American female police officer of various instances of

discrimination and retaliation related to Plaintiff's employment by the Montgomery Police Department.

(Doc. 1).  Pertinent to the present motion is Defendant Martinez' alleged role in investigating complaints

made by Plaintiff regarding discriminatory activities in the Department. Defendant's motion argues that

the only allegation against him is his failure to interview a number of witnesses in conjunction with his

investigation of Plaintiff's complaint to the Chief of Police.  (Doc. 55 at 1).  He contends there are no

allegations of discrimination or retaliation on his part.  *Id.*  Plaintiff alleges that Defendant Martinez as

director of human resources was assigned to investigate Plaintiff's 25-page complaint and "failed to

interview even a fraction of the over thirty witnesses and culprits mentioned in the memo." (Doc. 1, ¶

84).  She argues this failure was part of the discrimination and retaliation against her that she has alleged.

(Doc. 59 at 1–2).

Federal Rule of Civil Procedure 8 provides that a complaint must contain "a short and plain

statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2).  The pleader

must allege "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "[D]etailed factual allegations" are not required, but mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court "accept[s] the allegations in the complaint as true and constru[es] them in the light most favorable to the plaintiff." *Hill v. White*, 321 F.3d 1334, 1335 (11th Cir. 2003).

While Plaintiff's allegations against Defendant Martinez are thin, they do recite personal conduct and inaction by Martinez that is alleged to be part of Plaintiff's overall claims. As such, the Complaint is adequate to survive a motion to dismiss. Of course, the issue of Martinez' personal responsibility may be revisited on a motion for summary judgment upon fuller development of the record and, like all matters, the allegations are covered by Rule 11, Fed. R. Civ. P.

It is **ORDERED** that the parties shall file any objections to this Recommendation on or before December 14, 2017. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which the party objects. Frivolous, conclusive or general objections will not be considered by the District Court. The parties are advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a de novo determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright,* 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Sec., Inc.,* 667 F.2d 33 (11th Cir. 1982).

**Respectfully recommended,** this 30th day of November, 2017.

DAVID A. BAKER
UNITED STATES MAGISTRATE JUDGE