IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| H. RENEE JAMES, )<br>  )<br> Plaintiff, )<br>  )<br>v. )<br>  )<br>CITY OF MONTGOMERY, )<br>  )<br> Defendant. ) | Case No. 2:17-cv-528-RAH-SMD |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Before the Court is Defendant City of Montgomery's (the "City") Motion for Sanctions (Doc. 161). As explained below, the undersigned recommends that the City's Motion be denied.

**I.   BACKGROUND**

On July 25, 2019, Final Judgment (Doc. 131) was entered in this case in favor of the City and against Plaintiff H. Renee James ("James"). Costs were taxed against James in the amount of $5,512.45. Bill of Costs (Doc. 137). On October 20, 2020, following the judgment, the City filed a Motion to Compel (Doc. 143) James to respond to postjudgment interrogatories pertaining to the judgment that was served on September 2, 2020. Mot. to Compel (Doc. 143) pp. 1-2. The undersigned ordered James to show cause as to why the City's Motion to Compel (Doc. 143) should not be granted. Order (Doc. 150). After James failed to respond, the undersigned entered an Order (Doc. 151) granting the City's Motion to Compel and requiring James to respond to the City's postjudgment interrogatories. After failing to receive a response from James, the City filed its first Motion for Sanctions. Mot.

for Sanctions (Doc. 153) pp. 2-3. The undersigned denied the Motion for Sanctions but instructed James to confer with her counsel and reply to the City's postjudgment interrogatories on or before January 5, 2022. Order (Doc. 158) p. 5.

Subsequently, James' attorney withdrew due to a lack of communication with James, leaving James to proceed pro se. Mot. to Withdraw (Doc. 159); Order (Doc. 160). The City then filed the pending Motion for Sanctions (Doc. 161) against James. James was ordered to show cause why the Motion for Sanctions should not be granted but failed to file a response.[1] *See* Order (Doc. 162).

## II.   DISCUSSION

In its Motion, the City sets forth what it characterizes as James's attempt to avoid the postjudgment discovery that relates to the $5,512.45 bill of costs awarded against her. Specifically, the City notes that James emailed the City's counsel in August 2020, making it clear that she had no intentions of satisfying the bill without the collection process. Email (Doc. 161-1).[2] The City also avers that, beginning in October 2020, James began ignoring communications from her attorney, which eventually resulted in the attorney moving to withdraw. Mot. (Doc. 161) pp. 1-2; Mot. Withdraw (Doc. 159). The City argues that because of James's unexcused failure to comply with the Order compelling her to respond to the postjudgment interrogatories (Doc. 151), coupled with the City's good faith attempts

---

[1] The docket indicates (Doc. 164) "H. James" signed as an agent of James for the Order on May 14, 2022.

[2] In response to the City's email regarding satisfaction of the bill of costs, James states that the City "won't be receiving any payment from [her] in 30 days, so …. is there anything else?").

to reach her,[3] the Court should enter sanctions against James, including holding her in contempt of court and awarding attorney's fees and expenses incurred by the City in filing the Motion for Sanctions. Mot. for Sanctions (Doc. 161) pp. 1-2.

      Rule 37 sanctions are intended to prevent unfair prejudice to litigants and ensure the integrity of the discovery process. *See Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374–75 (11th Cir. 1999). Under Rule 37(b)(2)(A), a district court may grant sanctions against the party who "fails to obey an order to provide or permit discovery." FED. R. CIV. P. 37(b)(2)(A). In granting sanctions, the court may: (1) order that disputed facts related to the violated order be considered established in accordance with the claim of the party obtaining the sanctions order, (2) refuse to permit the violating party to raise certain defenses, or it may prohibit that party from opposing certain claims or defenses of the party obtaining the sanctions order, (3) strike any pleadings or any parts of the pleadings of the violating party, stay the proceedings, or even dismiss the action or render a judgment of default against the violating party, and (4) treat the violation as contempt of court. FED. R. CIV. P. 37(b)(2)(A)(i)-(iv). Relevant here, when sanctions are based on noncompliance with a postjudgment discovery order, the only available remedy under Rule 37(b)(2) is to hold the disobedient party in contempt. *See, e.g.*, *United States v. Hendrickson*, 2010 WL 2490716, at *4 (E.D. Mich. June 10, 2010) ("Because judgment has already been entered against Defendants and the discovery requests are postjudgment requests by a judgment creditor to ascertain the financial status of the debtors, Plaintiff filed its motion requesting

---

[3] In an effort to reach James, the City emailed her at an email address she previously utilized to communicate with counsel for the City and through U.S. mail to her residential address. Mot. for Sanctions (Doc. 161).

3

that the Court sanction Defendants under Rule 37(b)(2)(A)(vii).""). When sanctions are awarded, "the court must order the disobedient party, the attorney advising that party, or both to pay the reasonable expenses, including attorneys' fees, caused by the failure [to comply with the discovery order], unless the failure was substantially justified or other circumstances make an award of expenses unjust." FED. R. CIV. P. 37(b)(2)(C); *Carlucci v. Piper Aircraft Corp.*, 775 F.2d 1440, 1453 (11th Cir. 1985) (finding that a district court may "penalize uncooperative attorneys or parties litigant in discovery proceedings by requiring the payment of 'reasonable expenses, including attorney's fees, caused by the failure.'") (internal citations omitted).

Here, James has not responded to the Court's Order compelling her to respond to the City's postjudgment interrogatories. Further, James has ceased communications with the City, and it appears that she has no plans to satisfy the bill of costs awarded against her. And, despite being afforded an opportunity to do so, James has not opposed the City's motion for sanctions. Nonetheless, because James is now proceeding pro se, the undersigned recommends that the City's motion for sanctions be denied at this time and that James be afforded additional time to either answer the interrogatories or seek new counsel to assist her in this matter. However, James is advised that the Court's leniency is limited, and she is warned that her failure to comply with future Court orders may result in a recommendation from the undersigned that sanctions, including contempt, be entered against her.

### III.   CONCLUSION

Accordingly, it is the

4

RECOMMENDATION[4] of the undersigned Magistrate Judge that

(1) the City's Motion for Sanctions (Doc. 161) be DENIED; and

(2) James shall serve responses to the City's postjudgment interrogatories on or before **August 12, 2022**, or otherwise satisfy the bill of costs against her in the amount of $5,512.45.

**James is WARNED that, if she fails to respond to the postjudgment interrogatories resulting in the City filing another motion for contempt, the undersigned may recommend sanctions be brought against her and that she may further be responsible for attorney's fees associated with the motion.**

It is further

ORDERED that the parties shall file any objections to this Recommendation on or before **July 27, 2022**. A party must specifically identify the factual findings and legal conclusions in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with the provisions of 28 U.S.C. § 636(b)(1) shall bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right of the party

---

[4] The District Court referred this matter to the undersigned "for determination or recommendation as appropriate." The Eleventh Circuit has not specified if Rule 37 sanctions for postjudgment discovery are dispositive. However, the 7th and 9th Circuits have found that such motions fall beyond the scope of a magistrate judge's authority. *See Estate of Conners by Meredith v. O'Connor*, 6 F.3d 656, 659 (9th Cir. 1993) (holding a final order for postjudgment motion for attorney's fees is beyond the authority of a magistrate judge); *see also Rajaratnam v. Moyer*, 47 F.3d 922, 923-24 (7th Cir. 1995). Thus, out of an abundance of caution, the undersigned is entering a recommendation to the District Judge regarding this matter instead of an order.

to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 13th day of July, 2022.

_____
Stephen M. Doyle
CHIEF U.S. MAGISTRATE JUDGE